# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER MATHENGE., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-18-CV-788-XR |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ON MOTION FOR ATTORNEYS' FEES UNDER THE EAJA

On this date, the Court considered Plaintiff's Motion for Costs and Attorney's Fees Pursuant to the Equal Justice to Access Act ("EAJA") (docket no. 36), Defendant's response (docket no. 37), and Plaintiff's reply (docket no. 38). After careful consideration, the Court DENIES Plaintiff's motion.

## BACKGROUND

Peter Mathenge ("Plaintiff"), formerly a Kenyan citizen and now a naturalized American serving in the U.S. Army, filed suit in this Court, seeking his naturalization as a citizen of the United States through the Military Accession Vital to the National Interest ("MAVNI") recruitment program. Plaintiff, who came to the United States in 2013 on an F-1 student visa, enlisted in the United States Army in April of 2016 and soon thereafter filed his naturalization application. That initial application was rejected due to a misrepresentation Plaintiff concedes he made back in 2014 when he falsely claimed to be a United States citizen. Plaintiff waited a year and reapplied for naturalization in July 2017. Plaintiff alleged that the United States Citizenship and Immigration Services ("USCIS" or "Defendant") delayed his application and

accordingly brought suit for violation of due process, the Immigration and Nationality Act, and the Administrative Procedure Act. Plaintiff sought a writ of mandamus ordering Defendant to adjudicate his application "on or before thirty (30) days from the filing of this Complaint, or within such a reasonable period [of] time as is determined by this Court." He further sought that the Court retain jurisdiction during the adjudication to ensure compliance with the Court's order.

Defendant, in turn, filed a motion to dismiss, arguing that it retained complete discretion over the pace of adjudication of the naturalization application until the naturalization examination occurs, upon which the 120-day statutory period would begin to run—after which the applicant could sue in district court to obtain a determination of the application under 8 U.S.C. § 1447(b). Because Plaintiff had not undergone his naturalization examination, Defendant claimed it was under no obligation to adjudicate the application within any specific timeframe. Defendant claimed that the delay was a result of waiting on the Department of Defense and Federal Bureau of Investigation to complete their own background checks, a regulatory precondition to the naturalization examination and application. Defendant also argued that the case lacked final agency action reviewable by a district court, that the delay fell within normal processing times for USCIS-San Antonio, and that Plaintiff lacked a constitutionally protected liberty or property interest in the pace of adjudication.

This Court held a status conference on March 28, 2019, after which the Court ordered the parties to file a status report concerning the status of the application, steps taken to process the application, and any reasons for delay. Docket no. 28. In June, Defendant advised the Court it was actively working with the Department of Defense as the DoD completed its background check and Defendant reviewed any "derogatory information" found. Docket no. 29. Plaintiff

had still, at that time, not undergone his naturalization examination. In its advisory, Defendant re-urged this Court to consider its still-pending motion to dismiss. In response, on July 1, this Court entered an electronic text order, stating: "The Court has reviewed the status reports filed by the parties. The Court summarily denies Defendants' motion to dismiss and will not tolerate any further unnecessary delay in processing the application."

On August 7, 2019, Defendant filed an advisory to this Court, indicating that Defendant conducted its interview of Plaintiff on August 2 and immediately thereafter conducted an oath ceremony and naturalized Plaintiff. Docket no. 32. Several weeks later, Plaintiff filed a motion to dismiss under Fed. R. Civ. P. 41(a)(2), noting that "[w]ith the exception of the determination of fees and costs, there exists no further need for this action. Plaintiff has prevailed." Docket no. 34. A month later, Plaintiff filed the instant motion for attorneys' fees pursuant to the EAJA. Docket no. 36.

## DISCUSSION

The EAJA provides for attorneys' fees and other costs in certain actions brought against the United States if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) no special circumstances make an award of attorneys' fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599–600 (5th Cir. 2001) (citing *Commissioner v. Jean*, 496 U.S. 154, 158 (1990)). The burden is on the plaintiff to show he or she is a prevailing party, and if successful, the burden then shifts to the United States to show that its position was substantially justified or that an award of attorneys' fees would be unjust. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986). The EAJA is essentially a waiver by the government of its sovereign immunity and so must be construed strictly in favor of the

government. *Ardestani v. INS*, 502 U.S. 129, 1237 (1975); *see Aronov v. Napolitano*, 562 F.3d 84, 88 (1st Cir. 2009) ("Whatever flexibility there may be in interpreting fee shifting statutes involving awards against parties other than the United States, such flexibility does not exist as to EAJA applications.").

To meet the first element—prevailing-party status—a plaintiff must: "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 249 (5th Cir. 2002) (citing *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). Without a judgment on the merits or a court-ordered consent decree, it is not enough that a plaintiff "has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 610 (2001) (rejecting so-called "catalyst theory"). In other words, a party is not prevailing simply because a desired result of the lawsuit is achieved or a voluntary change in the defendant's conduct is brought about. *Lord v. Chertoff*, 526 F. Supp. 2d 435, 437 (S.D.N.Y. 2007). Rather, the action must have some form of "judicial imprimatur" to confer prevailing-party status on the plaintiff. *Buckhannon*, 532 U.S. at 605.

An order remanding to USCIS to adjudicate does not, without more, confer such prevailing-party status because such a remand order lacks the "judicial imprimatur" necessary for such status. *See Othman v. Chertoff*, 309 F. App'x 792, 793–94 (5th Cir. 2008) ("The district court entered neither an enforceable judgment nor a consent decree. Instead, the court simply remanded the action to CIS and ordered that a determination be made by January 25, 2008. This

4

action lacked the 'judicial imprimatur' necessary to confer prevailing-party status…"); *see also Almudallal v. USCIS*, No. 3:07 CV 2040, 2008 WL 1995360, at *2 (N.D. Ohio May 5, 2008) (finding plaintiff not a prevailing party by mere virtue of his naturalization after remand to USCIS); *Chebli v. Chertoff*, No. 07-CV-10750, 2008 WL 302317 (E.D. Mich. Feb. 4, 2008) (denying fees where USCIS adjudicated application after court denied USCIS's motion to dismiss).

Some courts, however, have conferred prevailing-party status on the plaintiff where the remand order specified a particular date by which the agency must adjudicate the application. *See, e.g. Abusadeh v. Chertoff*, No. H-07-315, 2008 WL 5273702, at *1–2 (S.D. Tex. Dec. 17, 2008) (collecting cases); *Ghanim v. Mukasey*, 545 F. Supp. 2d 1146, 1150 (W.D. Wash. 2008) (finding prevailing-party status when USCIS was compelled to adjudicate application within 120 days); *Berishev v. Chertoff*, 486 F. Supp. 2d 202 (D. Mass. 2007) (finding prevailing-party status because remand order set a deadline to adjudicate the naturalization application); *but see Othman*, 309 F. App'x at *793–94 (finding no prevailing-party status even where remand order instructed USCIS to rule by a specific date).

Here, Plaintiff is not a "prevailing party" because this Court's electronic text order denying Defendant's Motion to Dismiss was not an enforceable judgment or a consent decree and because a remand order to USCIS to adjudicate the application, without more, does not bear the necessary judicial imprimatur. *Othman*, 309 F. App'x at 793–94; *see also Iqbal v. Holder*, 693 F.3d 1189, 1194 (10th Cir. 2012) (citing *Buckhannon*, 532 U.S. at 604) (holding that even where remand order favored plaintiff, it did not entitle him to some method of enforcing the merits of his claim and did not order USCIS to adjudicate the application by a certain date). And

the Order here did not order the USCIS to act on the plaintiff's application for naturalization within a certain period of time. *Abusadeh*, 2008 WL 5273702, at*2; *see also Almudallal*, 2008 WL 1995360, at *2.

It appears that Plaintiff's "prevailing party" theory arises from the catalyst theory, but the Supreme Court has held that achieving the desired result through a voluntary change in conduct is insufficient to make a plaintiff a prevailing party. *Buckhannon*, 532 U.S. at 601. This holding comports with the general American Rule, whereby parties are ordinarily required to bear their own attorneys' fees absent explicit statutory authority. *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). The Court today is unable to find in the EAJA explicit statutory authority that the denial of a motion to dismiss provides the necessary prevailing-party status.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees pursuant to the EAJA (docket no. 36) is DENIED.

It is so ORDERED.

SIGNED this 17th day of December, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Without satisfying the "prevailing party" element, the Court need not consider whether Defendant's position was "substantially justified" because if Plaintiff has not satisfied his burden under "prevailing party," the analysis ends there. *Walker*, 313 F.3d at 249.